SEITZ v. SCHRELL et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1898.)

DECREE IN FORECLOSURE—DISTRIBUTION OF PROCEEDS.

    The decree in a foreclosure action directed the referee, from the proceeds of the sale, to pay the expenses thereof and specified costs to the plaintiff's attorney with an additional allowance, and the amount reported due on the mortgage, with interest; and at the end of the decree, but above the initial signature of the justice, appeared the following: "Underwriting as follows, viz.: * * * $30 to guardian ad litem." *Held*, that the clause directing the payment of the costs to the guardian formed part of the decree, and the referee was bound to take notice thereof.

Appeal from special term, Kings county.

Action by Michael Seitz against Henry Schrell and others. From an order directing the referee in foreclosure to pay to a guardian ad litem of one of the infant defendants an allowance, the referee appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John A. Kamping, for appellant.
B. P. Stratton, for respondent Elmer G. Story.

GOODRICH, P. J. Under a judgment of foreclosure and sale, Joseph Fitch, Esq., was appointed referee to sell the mortgaged premises. In the body of the decree there was contained a direction that out of the proceeds of the sale he should pay the expenses of the sale; that he should pay to the plaintiff's attorney his costs, $106.39, with an additional allowance of $22.08; and also the amount reported due on the mortgage, $883.55 and interest. At the end of the decree, but above the initial signature of the justice authorizing its entry, appeared the following clause: "Underwriting as follows, viz.: Allowance, 2½ per cent. granted to plaintiff, and $30 to guardian ad litem." It appears that Elmer G. Story was appointed guardian ad litem of Lena Schrell, one of the defendants, an infant of 18 years, that he appeared and answered, and that he was the person to whom the $30 was granted in the decree. The premises were sold to the plaintiff for $1,000, and 10 per cent. of this amount was paid to the referee. The expenses of the sale were $66.50, and the mortgage, plaintiff's costs, and interest amounted to $1,089.53, leaving a deficiency of $89.53. The referee did not pay the guardian's costs. He filed his report of sale on January 26, 1898, and no exceptions thereto have

been filed. The court, on motion of the guardian, ordered the referee to pay the guardian's costs, and to amend his report of sale accordingly, and from this order the referee appeals.

The only questions presented for our consideration are whether the order for the $30 costs constitutes a part of the decree, and whether the guardian has lost his right to the costs by failure to file exceptions to the referee's report of sale. We have no difficulty in arriving at the conclusion that the clause directing the payment of the costs to the guardian forms part of the decree. It is written above the initials of the justice directing the entry of the judgment. The plaintiff's attorney seems to have adopted that part of the clause which provided for the payment of his allowance by filling in the body of the decree the amount of his allowance. It is clear that the same course should have been adopted with reference to the costs of the guardian, and, if it were essential, the judgment could be amended nunc pro tunc; but we do not think it necessary. The referee was bound to take notice of the clause allowing the guardian $30 costs. It is true that the 10 per cent. paid the referee, viz. $100, was not sufficient to pay his own expenses of sale and costs of the parties, but he had no right to discriminate in his payments between the guardian and the plaintiff's attorney. If the 10 per cent. was not sufficient to pay the entire costs, he could have required the plaintiff, who was the purchaser, to pay in the entire amount of his bid, or at least sufficient thereof to satisfy the costs, or he could have refused to give a deed of the premises until the costs were paid, or the receipt of the parties produced to him. Whatever error has been committed is the result of his own improvidence, and he cannot plead that he was ignorant of the terms of the decree under which he was acting. This view renders it unnecessary to consider the second question raised by the referee, as to the effect of a failure to file exceptions to the referee's report of sale. Of course, the referee can compel restitution to him by the plaintiff.

The order must be affirmed, without costs, but with disbursements. All concur; BARTLETT, J., in result.